United States District Court
Middle District of Florida
Orlando Division

LORI WEISE,

>  *Plaintiff,*

v.                                                    NO. **6:24-cv-2295-PDB**

COMMISSIONER OF SOCIAL SECURITY,

>  *Defendant.*

---

## Order[*]

Proceeding under 42 U.S.C. § 405(g), the plaintiff requests judicial review of a final decision by the Commissioner of Social Security. Doc. 1. The procedural history, evidence, and law are summarized in the decision, Tr. 27–43, and the briefs, Docs. 14, 16, and not fully repeated here. The pertinent period is September 30, 2022, to July 30, 2024. Tr. 43.

Section 405(g) details the scope of review:

> The court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner …, with or without remanding the cause for a rehearing. The findings of the Commissioner … as to any fact, if supported by substantial evidence, shall be conclusive, and where a claim has been denied by the Commissioner … or a decision is rendered under subsection (b) of this section which is adverse to an individual who was a party to the hearing before the Commissioner …, because of failure of the claimant or such individual to submit proof in conformity with any regulation prescribed …, the court shall review only the question of

---

[*]Citations to page numbers are to page numbers generated by CM/ECF.

conformity with such regulations and the validity of such regulations.

42 U.S.C. §405(g); *see* 42 U.S.C. § 1383(c)(3) (incorporating § 405(g) for supplemental security income). "Substantial evidence" is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoted authority omitted). A court may not decide facts anew, make credibility findings, or reweigh the evidence. *Buckwalter v. Acting Comm'r of Soc. Sec.*, 5 F. 4th 1315, 1320 (11th Cir. 2021).

The plaintiff presents two arguments for reversal and remand. First, she argues that substantial evidence does not support the Administrative Law Judge's (ALJ's) finding that she has only mild limitations in her ability to understand, remember, or apply information, and to sustain concentration, persistence, and pace. Doc. 14 at 12–20. Second, she argues that substantial evidence does not support the residual functional capacity (RFC) because the RFC fails to fully account for her mental impairments and disregards their episodic nature. Doc. 14 at 21–25. The Commissioner disagrees with both arguments and emphasizes that the ALJ identified three unskilled jobs that the plaintiff can perform. Doc. 16.

Contrary to the plaintiff's argument, the evidence on which the ALJ based the finding of only a mild limitation in the plaintiff's ability to understand, remember, or apply information, as described in the ALJ's decision and as follows, is "such relevant evidence as a reasonable mind might accept as adequate to support" the finding, and thus constitutes substantial evidence. *See Richardson*, 402 U.S. at 401 (quoted); Tr. 31. The plaintiff has average intelligence. Tr. 31; *see* 565, 573, 850, 853, 882, 898, 932, 940, 948, 993,

2

997, 1010, 1042, 1052. No medical provider expressed concern about her ability to manage her affairs. Tr. 31. During mental status examinations, she was oriented to person, place, time, and situation. Tr. 31 (citing Exhibits B2F, B8F, B17F, B19F, B21F, B24F, B27F); *see* Tr. 459, 556, 558, 561, 565, 572, 573, 579, 848, 850, 853, 880, 882, 885, 887, 890, 894, 896, 898, 901, 904, 931, 933, 938, 940, 945, 948, 953, 993, 997, 1002, 1007, 1010, 1017, 1043, 1051. Her memory was intact. Tr. 31; *see* Tr. 763, 788, 791, 796, 797. And her cognition, though disorganized, was mostly intact. Tr. 31; *see* Tr. 579, 885. She can drive, manage her medical decisions, and complete tasks as needed. Tr. 31; *see* Tr. 822.

The plaintiff complains that the ALJ engaged in an overly selective review of the record by "ignor[ing] the much more relevant" evidence and focusing too much on orientation, which the plaintiff contends is irrelevant to her ability to understand, remember, or apply information. Doc. 14 at 14–15. That complaint is not a ground for reversal. The plaintiff provides no law prohibiting an ALJ from considering orientation when assessing a claimant's ability to understand, remember, and apply information, and the ALJ considered additional evidence to support the finding. *See* Tr. 31.

The plaintiff argues that the ALJ should not have considered her ability to drive, manage her medical decisions, and complete tasks as needed. Doc. 14 at 16. The argument is unpersuasive. The plaintiff provides no law prohibiting an ALJ from considering activities like those when assessing a claimant's ability to understand, remember, and apply information, and, again, the ALJ considered additional evidence to support the finding. *See* Tr. 31.

The plaintiff contends that the ALJ erred in considering evidence from 2019. Doc. 14 at 17. No reversible error is shown. As the Commissioner observes, Doc. 16 at 7, the only finding from 2019 that the ALJ described was

that the plaintiff was fully oriented, and the ALJ proceeded to describe examinations within the pertinent period showing that she continued to exhibit full orientation, *see* Tr. 31 (citing Exhibits B8F, B17F, B19F, B21F, B24F, B27F); *see* Tr. 556, 561, 565, 572, 573, 579, 848, 850, 853, 880, 882, 885, 887, 890, 894, 896, 898, 901, 904, 931, 933, 938, 940, 945, 948, 953, 993, 997, 1002, 1007, 1010, 1017, 1043.

The evidence on which the ALJ based the finding of only a mild limitation in the plaintiff's ability to sustain concentration, persistence, and pace, as described in the ALJ's decision and as follows, is "such relevant evidence as a reasonable mind might accept as adequate to support" the finding, and thus constitutes substantial evidence. *See Richardson*, 402 U.S. at 401 (quoted); Tr. 31–32. Mental status examinations showed the plaintiff's concentration was sometimes limited but mostly within normal limits. Tr. 32 (citing Exhibits B8F, B17F, B19F, B21F, B24F, B27F); *see* Tr. 579, 885. Her attention was good, and her thought content and thought process were intact. Tr. 32; *see* Tr. 565, 850, 853, 882, 887, 889–90, 898, 932–33, 940, 947–48, 993, 997, 1010, 1042–43, 1051–52. None of her medical providers described significant deficits in this area. Tr. 32. Again, she can drive, manage her medical decisions, and complete tasks as needed. Tr. 32; *see* Tr. 822.

The plaintiff describes the ALJ's finding as "unclear" because mental status examinations consistently showed abnormal concentration. Doc. 14 at 18 (citing Tr. 556, 561, 571–72, 577, 579, 583). The finding is understood in light of the ALJ's reliance on examinations showing that the plaintiff's concentration was within normal limits, *see* Tr. 32, 577, 579, 583, 885, and that the plaintiff had good attention and intact thought content and thought

process, *see* Tr. 32, 565, 850, 853, 882, 887, 889–90, 898, 932–33, 940, 947–48, 993, 997, 1010, 1042–43, 1051–52.

The plaintiff observes that the ALJ failed to consider that she drove with a suspended license, which reflects poor judgment and an inability to solve personal problems. Doc. 14 at 19. The observation is for naught. Driving can support the ability to concentrate, persist, and maintain pace; driving with a suspended license can additionally reflect poor judgment and an inability or unwillingness to solve personal problems.

The plaintiff argues that the ALJ's statement that none of her medical providers described significant deficits in this area is a "blatant mischaracterization of the record," considering that one of her doctors opined that she would have poor to no ability to maintain attention and concentration at work, that she often reported to providers that she had trouble concentrating, and that notes from a half-dozen examinations indicate that she has poor concentration, impaired judgment, and disorganized cognition. Doc. 14 at 19. The argument is unpersuasive. The doctor's opinion was an opinion, not a description of significant deficits in this area. Her reports are her reports, not a description of significant deficits in this area. And the notes—four, not six, of which documented poor findings, *see* Tr. 556, 561, 572, 896—are from Brevard Health Alliance, which also documented normal findings at other examinations, *see* Tr. 577, 579, 583, 885, which support the ALJ's use of the qualifier "significant." As the Commissioner explains, "Importantly, it should not be overlooked that the ALJ recognized and found that Plaintiff had deficits in this functional area (Tr. 31–32)—just not to the extent Plaintiff desires." Doc. 16 at 9.

The plaintiff claims that she meets a listing. Doc. 14 at 20. The court does not address this claim because the plaintiff fails to identify the listing, the listing's requirement, or the evidence supporting that she meets the listing. Doc. 16 at 9–10. The failures amount to an abandonment of the claim.

The evidence on which the ALJ based the RFC finding, which includes that the plaintiff can tolerate only occasional interaction with coworkers, supervisors, and the public and can adjust to routine changes on a sustained basis, as described in the ALJ's decision and as follows, is "such relevant evidence as a reasonable mind might accept as adequate to support" the finding, and thus constitutes substantial evidence. *See Richardson*, 402 U.S. at 401 (quoted); Tr. 33. The plaintiff reported doing well on psychotropic medications. Tr. 36; *see* Tr. 930, 992. While her mood was dysphoric, anxious, or depressed during mental status examinations, she had no suicidal or homicidal intent. Tr. 36; *see* Tr. 788, 791. She was cooperative. Tr. 36; *see* Tr. 565, 573, 788, 791, 796, 847, 850, 853, 880, 882, 887, 889, 893, 898, 904, 931, 932, 938, 940, 945, 947, 953, 993, 997, 1002, 1007, 1010, 1017, 1042, 1051. Her attention was good, and her intelligence was average. Tr. 36; *see* Tr. 565, 850, 853, 882, 898, 932, 940, 947–48, 993, 997, 1010, 1042, 1051–52. Her speech was normal. Tr. 36; *see* Tr. 593, 763, 788, 791, 796, 800, 808, 848, 850, 853, 880, 882, 887, 889, 894, 898, 904, 931, 933, 938, 940, 945, 948, 953, 993, 997, 1002, 1007, 1010, 1017, 1043, 1051. Her judgment, thought content, and thought process were intact. Tr. 36; *see* Tr. 565, 850, 853, 882, 887, 898, 931–33, 940, 948, 993, 997, 1010, 1043, 1051–52. Her eye contact was appropriate. Tr. 36; *see* Tr. 577, 579, 583, 763, 847, 880, 885, 893, 904, 938, 945, 953, 1002, 1007, 1017. Her affect was broad and appropriate, *see* Tr. 558, 887, 897, 932, 940, 947, 993, 997, 1010, 1042, 1051, albeit sometimes constricted, *see* Tr. 565, 573, 882, 889. Tr. 36. Her cognition was disorganized, *see* Tr. 556, 561, 572, 896,

6

901, though sometimes intact, *see* Tr. 577, 579, 583, 589, 885. Tr. 36. Her memory was intact, *see* Tr. 763, 788, 791, 796, 797, though sometimes impaired, *see* Tr. 848, 880, 894, 904, 931, 938. Tr. 36. Her insight was intact, *see* Tr. 565, 850, 853, 882, 887, 898, 932, 940, 948, 993, 997, 1010, 1042, 1051, though sometimes limited, *see* Tr. 848, 880, 885, 894, 904, 931, 938, 945, 953, 1002, 1007, 1017. Tr. 36. Her concentration was sometimes limited, *see* Tr. 556, 561, 572, 896, but mostly within normal limits, *see* Tr. 577, 579, 583, 885. Tr. 36. She worked during the pertinent period. Tr. 37, 38; *see* Tr. 340, 354–57.

The ALJ found persuasive the state agency psychological consultant's opinion that the plaintiff may show limited tolerance for frequent, recurrent contact with the general public but can relate effectively with the public and co-workers; can relate appropriately despite residual mood fluctuations; can understand and retain simple and complex instructions; can complete simple and complex tasks at an acceptable pace in 2-hour intervals during an 8-hour period in a 40-hour week; can cooperate on routine tasks and transactions; can accept directions and feedback; can adapt to most changes and task demands on a sustained basis; can avoid hazards and arrange transportation; has adequate volitional control to manage drug and alcohol addiction; and has adequately independent adaptive skills. Tr. 40–41 (citing Exhibit B8A and explaining the persuasiveness of the consultant's opinion); *see* Tr. 133–35, 138–39 (the consultant's opinion).

To the extent the plaintiff challenges the RFC finding by repeating complaints that the ALJ ignored evidence that the plaintiff contends supports greater restrictions, *see* Doc. 14 at 24–25, the complaint fails for the same reasons: the ALJ supported the RFC finding with substantial evidence, and the court may not reweigh the evidence. *See Buckwalter*, 5 F.4th at 1320. The

issue is whether substantial evidence supports the ALJ's finding, not whether some evidence may support a different finding. *See, e.g., Shinn ex rel. Shinn v. Comm'r of Soc. Sec.*, 391 F.3d 1276, 1282 (11th Cir. 2004) ("If the Commissioner's decision is supported by substantial evidence we must affirm, even if the proof preponderates against it."). The decision shows that the ALJ considered the record as a whole, and the substantial evidence described above supports the decision.

The plaintiff relies on *Smith v. Kijakazi*, No. 22-cv-60842, 2022 WL 18356257 (S.D. Fla. Dec. 30, 2022). Doc. 14 at 23–24. In *Smith*, the court ruled that the ALJ erred by failing to discuss the claimant's mental impairments when assessing the claimant's RFC. 2022 WL 18356257, at *5. *Smith* is non-binding and factually distinguishable. Unlike the ALJ in *Smith*, the ALJ here discussed the plaintiff's mental impairments when assessing the RFC and included limitations that she found supported by the evidence. Tr. 35–36.

The plaintiff argues that the ALJ failed to limit the complexity of tasks she can perform and the stress level of the work she is able to tolerate, despite her drug overdose in June 2023 and evidence showing frequent changes in her medication, which she contends suggests that her condition never stabilized. Doc. 14 at 22–23. She claims that the ALJ's finding that she can perform her past skilled work as a paralegal shows a failure to consider necessary limitations. Doc. 14 at 23. She continues, "Indeed, even 'mild limitations in social functioning or concentration, persistence, or pace may preclude the ability to perform … skilled and semi-skilled work.'" Doc. 14 at 23 (quoting *Cheryl C. v. Berryhill*, No. 18 C 1443, 2019 WL 339514, at *3 (N.D. Ill. Jan. 28, 2019) and citing *Hovi v. Colvin*, No. 12-C-169, 2013 WL 3989232, at *16 (W.D. Wis. Aug. 2, 2013)). The arguments are unpersuasive, and the cases on which

she relies are non-binding and distinguishable. As the Commissioner observes, "Plaintiff does not identify any additional specific RFC limitation that she believes is necessary [and], all three jobs in the ALJ's alternative … finding involve *unskilled* work." Doc. 16 at 13 (citing Tr. 42–43). The plaintiff fails to challenge the ALJ's alternative finding of non-disability based on the existence of three unskilled jobs that she can perform. *See* Tr. 42–43.

Substantial evidence supports the ALJ's findings. The Commissioner's decision is **affirmed**. The clerk is **directed** to enter judgment for the Commissioner of Social Security and against Lori Weise and close the file.

**Ordered** in Jacksonville, Florida, on March 20, 2026.

Patricia D. Barksdale
United States Magistrate Judge

9